**Qi Deng CHEN, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 03–2156.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) April 22, 2004.

Decided April 23, 2004.

Bruno J. Bembi, Hempstead, NY, for Petitioner.

Donald E. Keener, John J. Andre, Douglas E. Ginsburg, John M. McAdams, Jr., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before SCIRICA, Chief Judge, and ROSENN and GREENBERG, Circuit Judges.

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on Qi Deng Chen's petition for review of a final order of the Board of Immigration Appeals dated April 7, 2003, affirming, without opinion, a decision of an immigration judge denying his applications for asylum, withholding of removal, and deferral of removal under the United Nations Convention Against Torture. The immigration judge denied Chen relief in an oral decision followed by a written order. We have jurisdiction under 8 U.S.C. § 1252(a)(1). As Chen acknowledges, *see* petitioner's br. at 12–14, our standard of review is deferential both as to the law and the facts, though it is somewhat more expansive on legal issues. *See Abdulrahman v. Ashcroft,* 330 F.3d 587, 591 (3d Cir.2003); *Abdille v. Ashcroft,* 242 F.3d 477, 483 (3d Cir.2001).

In considering this matter we are aware that since Congress amended the definition of "refugee" in 1996 to include persons who are subject to, or opponents of, coercive population control programs, federal courts have undertaken the difficult task of determining which types of resistance to such programs merit protection through refugee status. *See, e.g., Li v. Ashcroft,* 356 F.3d 1153 (9th Cir.2004) (en banc). Here we have reviewed this matter and have concluded that the record supports the immigration judge's finding that Chen has failed to establish persecution arising from resistence to a population control policy. Rather, any punishment of him would be by reason of his altercation with a public official. We will not stretch INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A), to include such conduct to be a "political opinion" entitled to protection.

The petition for review will be denied.